IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ANDREW FULLMAN,                    :    CIVIL ACTION
                                   :    NO. 07-1663
        Plaintiff,                 :
                                   :
    v.                             :
                                   :
UNITED STATES OF AMERICA,          :
                                   :
        Defendant.                 :


M E M O R A N D U M

EDUARDO C. ROBRENO, J.                              August 7, 2007

        Before the Court is the defendant United States of
America's motion to dismiss Plaintiff's complaint and to enjoin
Plaintiff Andrew Fullman from filing further actions in this
Court in any way relating to (1) his former employment and
termination from the United States Postal Service, and (2) his
1989 denial of workers' compensation benefits, without first
obtaining leave of Court.  Defendant's motion will be granted in
part and denied in part.  The Court agrees that the complaint
should be dismissed for lack of subject matter jurisdiction.
However, although the Court sympathizes with Defendant's position
concerning Fullman's serial (and fruitless) filings, it will not
enjoin him from filing further actions at this time.


I.    BACKGROUND

      A.    Fullman's History with the United States Postal Service

To fully understand Andrew Fullman's present action, one must travel back in time nearly 20 years to 1989 in the Philadelphia branch of the United States Postal Service (the "Postal Service").  Mr. Fullman was a temporary employee of the Postal Service, when on February 5, 1989, he was involved in a trolley to trolley accident and sustained injuries to his head, back, and right shoulder for which he was forced to miss work. Fullman returned to work at the Postal Service in March of 1989, but only on light-duty work status due to his injuries.

On March 20, 1989, Fullman was involved in an argument with a fellow employee, Larry Johnson.  The severity of the altercation remains in dispute today, nearly 20 years after its occurrence.  Suffice it to say that Fullman maintains Johnson pushed him into an all-purpose container, allegedly aggravating the lower back injuries he suffered in the trolley accident that occurred scarcely more than a month prior.  All four witnesses interviewed in the course of the Postal Service's investigation, however, stated that the incident was strictly verbal and there was no physical contact between Fullman and Johnson.  Fullman, claiming the incident caused him physical injury, filed a workers' compensation claim with the Postal Service.  On May 25, 1989, the United States Department of Labor's Office of Workers' Compensation Programs (OWCP) notified Fullman that, based on the lack of medical or eyewitness testimony to support his claim, he

2

was denied workers' compensation.  Fullman requested reconsideration of the denial, and on August 14, 1989, OWCP reaffirmed its decision that Fullman had failed to submit credible evidence demonstrating that he had in fact been injured at work.  On October 6, 1989, the Postal Service sent Fullman a Notice of Removal letter, indicating that he would be removed from employment at the Postal Service based on its conclusion that he had filed a false workers' compensation claim.

Mr. Fullman has been unsuccessfully litigating his 1989 removal from the Postal Service, as well as the 1989 denial of workers' compensation, ever since.  See U.S. Postal Service Agency Case No. 2A-000-1072-90 (First Complaint); U.S. Postal Service Agency Case No. 1C-191-1121-96 (Second Complaint); U.S. Postal Service Agency Case No. 4C-190-0035-98 (Third Complaint); U.S. Postal Service Agency Case No. 1C-191-0044-99 (Fourth Complaint), Fullman v. U.S., et al., Civ. No. 94-6923 (O'Neill, J.) (First Civil Complaint), Fullman v. Henderson, Civ. No. 00-1318 (Robreno, J.) (Second Civil Complaint), Fullman v. Henderson, 99-2138 (Third Civil Complaint), 146 F. Supp. 2d 688 (E.D. Pa. 2001)[1] (Robreno, J.), Fullman v. Potter, 05-1352

---

[1] Civil Action number 00-1318 was consolidated into civil action number 99-2138, which became Fullman v. Henderson, 146 F.Supp.2d 688 (E.D. Pa. 2001).

(Fourth Civil Complaint), 480 F. Supp. 2d 782 (E.D. Pa. 2007).[2]
The present action is no exception.


     B.   <u>Mr. Fullman's Present Action</u>

        Fullman's present complaint alleges that the Employees
Compensation Appeals Board of the United States Department of
Labor (ECAB) "intentionally failed to send plaintiff a copy of"
its February 7, 2007 decision affirming OWCP's ruling denying
Fullman's 2006 request for reconsideration of his 1989 workers'
compensation claim until April 5, 2007.  Compl. at ¶ 5.  Fullman
is seeking damages purportedly grounded in the Federal Tort
Claims Act (FTCA) for discrimination, civil rights violations,
accidental and/or personal injury and permanent loss of his
employment.

        The pertinent dates underlying his present suit are as
follows.  In August 1989, OWCP denied Fullman's workers'
compensation claim.  Nearly seventeen years later on May 6, 2006,

---

    [2] Note that the actions listed are merely the complaints Mr.
Fullman has filed pertaining to his Postal Service termination
and denial of workers' compensation benefits.  He has also proved
extremely litigious in other matters, filing numerous other civil
complaints in this Court.  <u>See</u> <u>Fullman v. Brooks, et al.</u>, No. 91-
5957 (O'Neill, J.); <u>Fullman v. Beatty ,et al.</u>, No. 92-6191
(O'Neill, J.); <u>Fullman v. Phila. Police Dept., et al.</u>, No. 93-
1096 (O'Neill, J.); <u>Fullman v. U.S. Dept. of Educ., et al.</u>, No.
94-1527 (Buckwalter, J.); <u>Fullman v. Phila. Int'l Airport, et
al.</u>, No. 98-3674 (Robreno, J.); <u>Fullman v. Teamsters Local Union
No. 35, et al.</u>, No. 03-1993 (Buckwalter, J.); and <u>Fullman v.
Pennsylvania Dept. of Corrections</u>, No. 06-5665 (Robreno, J.).

Fullman requested that OWCP reconsider his 1989 request for workers' compensation.  OWCP denied Fullman's request for reconsideration as untimely, as it was filed nearly sixteen years after the one-year time period for motions for reconsideration expired.  Then, on September 19, 2006, Fullman appealed OWCP's denial of his request for reconsideration to ECAB.  Agreeing with OWCP that Fullman's request for reconsideration was untimely, on February 7, 2007, ECAB affirmed OWCP's denial of Fullman's request for reconsideration.  Mr. Fullman claims that he did not receive ECAB's decision until April 5, 2007, over 30 days after ECAB's decision was entered.  ECAB's regulations provide  "A petition for reconsideration of a decision of the Board [ECAB] may be filed with the Board [ECAB] within 30 days from the date of the order, or, if another period is specified in the order, then prior to the time when the order becomes final."  20 C.F.R. § 501.7(a).

According to Mr. Fullman, ECAB intentionally sent its order to Mr. Fullman over 30 days after the date of the decision, foreclosing any further review and forming his cause of action under the FTCA.


II.  DISCUSSION

    A.  <u>Motion to Dismiss</u>

    Defendant moves to dismiss the complaint for lack of

subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).[3]

There are two types of Rule 12(b)(1) attacks: "those that attack the complaint on its face and those that attack subject matter jurisdiction as a matter of fact." Petruska v. Gannon University, 462 F.3d 294, 303 n. 3 (3d Cir. 2006). Defendant's 12(b)(1) motion in this case is the latter, meaning it challenges the subject matter jurisdiction as a matter of fact. When analyzing this type of 12(b)(1) motion, the Court is "free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." Id. "In short, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." Id. However, because Mr. Fullman is proceeding pro se, his filings will be construed liberally. See Hartmann v. Carroll, -- F.3d ---, 2007 WL 1967172 n. 8 (3d Cir. July 9, 2007) (citing Haines v. Kerner, 404 U.S. 519, 520 (1972) and Holley v. Dep't of Veteran Affairs, 165 F.3d 244, 247 (3d Cir. 1999)).

At the outset, the Court would like to note, for Mr.

---

[3] Although Defendant does not explicitly cite Fed. R. Civ. P. 12(b)(1), it is clear from its argument that sovereign immunity is not waived in this case, a jurisdictional defect, that it so moves.

Fullman's benefit, that he cannot bring suit under the Federal Tort Claims Act (FTCA) for injuries he claims to have sustained in 1989 while working for the Postal Service.  Instead, the Federal Employees' Compensation Act (FECA), which provides benefits to federal employees injured or killed in the course of performing their duties, is the exclusive remedy for injured federal employees.  See Lockheed Aircraft Corp. v. U.S., 460 U.S. 190, 193-94 (1983) (stating that exclusive liability provision of FECA was designed to protect government from suits under statutes, such as Federal Tort Claims Act, that had been enacted to waive Government's sovereign immunity).  For this reason, persons physically injured during the course of their duties as federal employees, as Fullman claims he was in 1989, cannot bring suit under the FTCA.  In addition, the Court will remind Mr. Fullman, as it has done before, that the Court does not have the authority to review OWCP's or ECAB's decision to deny Mr. Fullman workers' compensation benefits.  See 5 U.S.C. § 8128(b)[4].

　　　Furthermore, if Fullman is attempting to proceed under

---

[4] Section 8128(b) provides:

The action of the Secretary or his designee in allowing or denying a payment under this subchapter is-(1) final and conclusive for all purposes and with respect to all questions of law and fact; and (2) not subject to review by another official of the United States or by a court by mandamus or otherwise.

5 U.S.C. § 8128(b).

the FTCA for an alleged violation of his due process rights, he is simply unable to do so. Constitutional claims against the United States are not cognizable under the FTCA. See, e.g., F.D.I.C. v. Meyer, 510 U.S. 471, 477-78 (1994).

To the extent that Fullman's present suit alleges a violation of the FTCA due to ECAB's alleged failure to provide Mr. Fullman with timely notice of its decision to affirm OWCP's denial of Mr. Fullman's request for reconsideration of his 1989 workers' compensation claim, the Court must dismiss the complaint purportedly brought under the FTCA for several reasons.

First, the Court lacks jurisdiction over the claim because the United States has not waived its sovereign immunity with respect to intentional torts. Fullman's complaint alleges that ECAB "intentionally failed to [timely] send" him a copy of the February 7, 2007 decision, and that this was "a deliberate act." Compl. at ¶ 5. It is well settled that the United States has specifically chosen to refrain from waiving its sovereign immunity with respect to intentional torts of its employees. 28 U.S.C. § 2680(h). Therefore, because "[s]overeign immunity is jurisdictional in nature," Fed. Deposit Ins. Co. v. Meyer, 510 U.S. 471, 475 (1994), and because the United States has not waived its sovereign immunity through the FTCA with respect to intentionally torts, the Court lacks jurisdiction to entertain the suit. Id.

Second, even assuming Fullman had received timely notice of ECAB's decision, any request for reconsideration would be futile.  He contends that he was unable to file a subsequent request for reconsideration with ECAB because he failed to receive timely notice of ECAB's decision affirming OWCP's denial of his request for reconsideration.  The underlying action, however, is untimely and, under the FTCA, it is barred by the statute of limitations.  As OWCP already noted, and ECAB affirmed, Mr. Fullman was nearly sixteen years untimely in his request for reconsideration of OWCP denial of his workers' compensation claim.  With respect to the FTCA, the applicable statute of limitations requires that an administrative claim be filed within two years from the time of the alleged injury.  28 U.S.C. § 2401(b)[5].  Mr. Fullman failed to submit an administrative claim with the Postal Service within two years of sustaining his alleged injuries in 1989.  Since nearly 20 years have now passed, Mr. Fullman's tort claim is "forever barred."

---

[5]   Section 2401(b) provides:

A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

28 U.S.C. § 2401(b).

<u>Id.</u>

Finally, in any event, to the extent that Fullman's claim is framed as a complaint under the FTCA, it must be dismissed for Mr. Fullman's failure to exhaust his administrative remedies.  Federal courts have jurisdiction over claims against the United States for actions brought under the FTCA if, and only if, the plaintiff has first exhausted his administrative remedies.  28 U.S.C. § 2675(a); <u>McNeil v. United States</u>, 508 U.S. 106 (1993).  Thus, before filing suit, the plaintiff must present his claim to the appropriate federal agency and the federal agency must deny the claim.  28 U.S.C. § 2675(a).  Failure to exhaust on the part of the plaintiff is a fatal non-waivable jurisdictional defect.  <u>McNeil</u>, 508 U.S. 111; <u>Richardson v. Knud Hansen Memorial Hosp.</u>, 744 F.2d 1007, 1010 (3d Cir. 1984) (citing <u>Bialowas v. United States</u>, 443 F.2d 1047, 1048-49 (3d Cir. 1971)).

In this case, there is simply no indication that Mr. Fullman has filed an administrative claim prior to instituting the present suit.  Absent exhaustion, the Court has no jurisdiction over suits brought pursuant to the FTCA.

B.   Government's Motion to Enjoin Mr. Fullman from Filing
     <u>Further Suits</u>

The Court is extremely familiar with Mr. Fullman's

prolific filings in the Eastern District of Pennsylvania and with the number of meritless appeals he has pursued.  <u>See</u> <u>Fullman v. Brooks, et al.</u>, No. 91-5957 (O'Neill, J.); <u>Fullman v. Beatty ,et al.</u>, No. 92-6191 (O'Neill, J.); <u>Fullman v. Phila. Police Dept., et al.</u>, No. 93-1096 (O'Neill, J.); <u>Fullman v. U.S. Dept. of Educ., et al.</u>, No. 94-1527 (Buckwalter, J.); <u>Fullman v. U.S., et al.</u>, No. 94-6923 (O'Neill, J.); <u>Fullman v. Phila. Int'l Airport, et al.</u>, No. 98-3674 (Robreno, J.); <u>Fullman v. Henderson</u> ("<u>Fullman I</u>"), No. 99-2138, 146 F. Supp. 2d 688 (E.D. Pa. 2001) (Robreno, J.), <u>aff'd by</u> <u>Fullman v. Henderson</u>, 29 Fed. Appx. 100 (3d Cir. 2002); <u>Fullman v. Henderson</u>, No. 00-1318 (Robreno, J.) (consolidated into <u>Fullman I</u>); <u>Fullman v. Teamsters Local Union No. 35, et al.</u>, No. 03-1993 (Buckwalter, J.); <u>Fullman v. Potter</u>, No. 05-1352 (Robreno, J.); <u>Fullman v. Pa. Dept. of Corrections</u>, No. 06-5665 (Robreno, J.);  <u>See also</u> <u>Fullman v. Morgan, et al.</u>, No. 92-6357 (Katz, J.) (habeas petition); <u>Fullman v. Morgan, et al.</u>, No. 95-3117 (Katz, J.) (habeas petition).  Mr. Fullman has not prevailed on any of these actions.  Although the Court sympathizes with Defendant and believes that Mr. Fullman has come close to, if not already, abusing the process, given the seriousness of barring the doors to the courthouse, it will not enjoin Mr. Fullman from filing further actions in this Court <u>at this time</u>.

   While the Court will not formally enjoin Mr. Fullman from filing further actions at this time, the Court will caution

Mr. Fullman one last time to refrain from attempting to "reconfigure" his gripes with the 1989 denial of workers' compensation claims and/or his employment and subsequent termination from the Postal Service.  As to the denial of workers' compensation, the Court has repeatedly informed Mr. Fullman that the Federal Employees Compensation Act precludes judicial review of the decisions to deny workers' compensation benefits.  As to his former Postal Service employment, this Court has twice addressed Mr. Fullman's gripes and found them meritless.  The Court also warns Mr. Fullman that it is not without the ability to protect the parties and the process from vexatious and frivolous litigation, including utilizing the mandates of Federal Rule of Civil Procedure 11, and the Court will avail itself of these measures if appropriate.

III. CONCLUSION

For the reasons stated above, Defendant's motion to dismiss and to enjoin will be granted in part and denied in part. Plaintiff's complaint is dismissed for want of jurisdiction.  The Court will not enjoin Fullman from filing further actions in this Court at this time.

An appropriate Order follows.

12

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANDREW FULLMAN, | : | CIVIL ACTION |
| | : | NO. 07-1663 |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Defendant. | : | |

**O R D E R**

AND NOW, this **7th** day of **August, 2007**, in accordance with the Memorandum issued on this date, and after consideration of Defendant's motion to dismiss the complaint and to enjoin Plaintiff from filing further actions (doc. no. 6), and Plaintiff's response (doc. no. 8), it is hereby **ORDERED** that Defendant's motion is **GRANTED in part** and **DENIED in part**, as follows:

The motion is **GRANTED** in that Plaintiff's complaint is **DISMISSED with prejudice**;

The motion is **DENIED**, in that the Court will not enjoin Plaintiff from filing further suits at this time.

**IT IS FURTHER ORDERED** that Plaintiff's Motion in Opposition (doc. no. 8) is **DENIED as moot**.[6]

**AND IT IS SO ORDERED.**

 **S/Eduardo C. Robreno**
 **EDUARDO C. ROBRENO, J.**

---

[6] Plaintiff incorrectly labels his response brief as "motion." The Court considered Plaintiff's response, and because the Court agrees with the Defendant that Plaintiff's complaint must be dismissed, will deny as moot this mislabeled response.